In re APPONLINE.COM, INC., Island Mortgage Network, Inc., et al., Debtors.

Prudential Securities Credit Corp., LLC, Plaintiff,

v.

Pacific Pointe Escrow, Inc., Francisco Trujillo and Patricia Trujillo, Defendants.

Bankruptcy No. 03–CV–2652(ADS)(ETB).

Adversary No. 801–8364–478 (DE).

United States District Court, E.D. New York.

Jan. 17, 2004.

Thacher Profitt & Wood, by Doreen Klein, of counsel, White Plains, NY, for Plaintiff Prudential Securities Credit Corp., LLC.

Aronwald & Pykett, by William I. Aronwald, of counsel, White Plains, NY, for Defendants Pacific Pointe Escrow, Inc.

No appearance for defendants Francisco Trujillo and Patricia Trujillo.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On October 15, 2001, the plaintiff Prudential Securities Credit Corp., LLC ("Prudential" or the "plaintiff") commenced this adversary proceeding against the defendant Pacific Pointe Escrow, Inc. ("Pacific Pointe" or the "defendant"). Pacific Pointe now moves pursuant to Rule 5011-1 of the Local Rules of the Bankruptcy Court of the Eastern District of New York and 28 U.S.C. § 157(d), to withdraw the automatic reference of this adversary proceeding to the Bankruptcy Court.

## I. BACKGROUND

### 1. Factual Background

Before filing for bankruptcy protection in July 2000, Island Mortgage Network, Inc. ("Island Mortgage"), a wholly owned subsidiary of the co-debtor AppOnline.com, Inc., was a mortgage banker and broker that originated and sold mortgages. In particular, Island Mortgage originated mortgages and promissory notes which were sold in the secondary mortgage market pursuant to standard purchase and sale contracts. Among other things, Prudential purchased notes and mortgages from Island Mortgage in its ordinary course of business.

Sometime in April, 2000, Francisco Trujillo and Patricia Trujillo (collectively, the "Trujillos") entered into a loan transaction with Island Mortgage (the "Trujillo Loan"). Allegedly, Pacific Pointe was the escrowee and/or settlement agent desig-

nated by Island Mortgage and the buyer and sellers of the relevant property. On or about April 24, 2000, the Trujillos made and executed a note in the amount of $213,550 (the "Note") and a mortgage in favor of Island Mortgage to secure payment of the Note (the "Mortgage").

On April 27, 2000, it is alleged that Pacific Pointe released the original executed Note and a certified copy of the Mortgage to Island Mortgage with a request that Island Mortgage provide loan funds as soon as possible. Pacific Pointe's actions were allegedly contrary to the escrow instructions that it received from Island Mortgage and contrary to California law, the law governing the situs of the property encumbered by the Mortgage.

Upon information and belief, Prudential claims that on or about May 4, 2000, the Trujillo Loan transaction was cancelled by the Trujillos and the seller of the property. However, Pacific Pointe failed to void the original executed Note and Mortgage, despite being instructed by the Trujillos and the seller to "void all documents." Compl. ¶ 25. On May 4, 2000 Prudential purchased the Note and Mortgage from Island Mortgage allegedly "in the ordinary course of business for value and in good faith." Compl. ¶ 32. However, because the Trujillo Loan is unfunded, Prudential alleges that it has suffered monetary damages.

### 2. Procedural Background

On October 15, 2001, Prudential commenced this adversary proceeding seeking a declaratory judgment against Pacific Pointe and the Trujillos declaring that Prudential is the valid owner of the Note and Mortgage and that it owns the Note and Mortgage free and clear of any claim by any defendant. Prudential also included a cause of action against Pacific Pointe on the basis of negligence in releasing the

original executed Note and Mortgage without first confirming that Island Mortgage had provided "good funds" for the Loan. Compl. ¶ 33. On March 20, 2002, Pacific Pointe filed its answer to the complaint. The answer did not demand a jury trial.

On or about March 21, 2003, new counsel were substituted for Pacific Pointe who did not oppose Prudential's motion for leave to amend its complaint. Prudential served its Amended Complaint on April 14, 2003, which, in addition to re-wording and providing more detail with respect to the allegations, included a claim for negligent misrepresentation against Pacific Pointe. In response, Pacific Pointe served and filed its answer to the amended complaint which demanded a jury for the first time.

On May 13, 2003, Pacific Pointe filed this motion to withdraw the reference on the basis that Pacific Pointe demanded a jury trial in its answer to the amended complaint. Pacific Pointe simultaneously filed a motion with the Bankruptcy Court to dismiss the amended complaint for lack of subject matter jurisdiction. However, the motion to dismiss has been stayed by the Bankruptcy Court pending this Court's determination of the instant motion.

## II. DISCUSSION

■ Under the authority of § 157(a), all Chapter 11 cases in this District are automatically referred to the District's bankruptcy judges. As stated above, the defendants move to withdraw the reference of this adversary proceeding from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). This section states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce

28 U.S.C. § 157. Thus, withdrawal of a reference may be either mandatory or permissive pursuant to 28 U.S.C. § 157(d). Because the resolution of this case will not require " 'significant interpretation' " of non-bankruptcy federal laws, this action is not subject to mandatory withdrawal. *In re Enron Corp.*, 295 B.R. 21, 25 (S.D.N.Y. 2003) (quoting *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir.1991)); *see also In re Ionosphere Clubs; Inc.*, 922 F.2d 984, 995 (2d Cir.1990) (Mandatory withdrawal is "reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." (citation omitted)).

■ However, "where withdrawal is not mandatory, the Court has broad discretion to withdraw the reference for cause." *In re Enron Corp.*, 295 B.R. at 25 (internal quotation omitted). "The party seeking to withdraw reference must demonstrate that withdrawal is in the interests of judicial economy and that it will be prejudiced by having the bankruptcy court oversee pretrial matters." *See In re Enron Power Marketing*, No. 01 Civ. 7964, 2003 WL 68036, at *7 (S.D.N.Y. Jan. 8, 2003). Factors relevant to the Courts determination of whether to withdraw the reference for cause include: (1) whether the proceeding is core or non-core, (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir.1993).

The sole basis for Pacific Pointe's motion to withdraw the reference is that it demanded a jury trial in its answer to the amended complaint. The plaintiff contends that Pacific Pointe waived its right to a jury trial because it failed to demand a jury trial in its answer to the original complaint.

### 1. Waiver of Jury Demand

 Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 38(b) provides that a demand for a trial by jury may not served "later than 10 days after the service of the last pleading directed to such issue [triable of right by a jury]." The law of this Circuit is that "[i]f the original complaint is subsequently amended, the right to demand a jury trial is revived ... only if the amendment changes the issues." *Berisford Capital Corp. v. Syncom Corp.*, 650 F.Supp. 999, 1001 (S.D.N.Y.1987) (quoting *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir.1973)). The term "issue ... means something more than the evidence offered and the legal theories pursued ...." *Id.* (quoting *Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir.1980)). The presentation of a "new *theory* of recovery" or "artful rephrasings" do not constitute a new issue which will serve to revive the jury right once waived. *Rosen*, 639 F.2d at 94; *see also Berisford Capital Corp.*, 650 F.Supp. at 1002. Furthermore,

> [W]hen the parties are the same before and after an amended pleading, it is difficult to show that a new issue has been raised. Usually, the initial demand (or waiver) will put the other parties on notice that a jury (or the court) will be trying all issues relating to [the] general area of dispute

*Rosen*, 639 F.2d at 96. Thus the right to demand a jury trial will only be revived if "the ultimate issue for decision is different." *Id.* at 94.

 Although the amended complaint contains additional allegations as well as an additional cause of action against Pacific Pointe for negligent misrepresentation, both the original and amended complaint involve the same parties and arise out of the same underlying issue, namely Prudential's alleged right to hold the Note free and clear of any claim, debt, lien or encumbrance in addition to Pacific Pointe's alleged negligent behavior. *See Berisford*, 650 F.Supp. at 1002 (striking belated demand for jury trial after "look[ing] to the underlying essence of the two complaints to see if they differ, rather than focusing on the fine-tuning of legal theories or the artful sharpening of allegations.").

### 2. Withdrawal of the Reference for Cause

 In any event, even if the Pacific Pointe did not waive its right to a jury trial, it is well-settled that "a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial." *In re Enron Corp.*, 295 B.R. 21, 27 (S.D.N.Y.2003) (citing *In re Enron Power Marketing, Inc.*, 2003 WL 68036, at *6). As such,

> [a] rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts. Although withdrawal is an important component of this scheme, the court must employ it judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy

*In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y.1992).

In *In re Enron Power Marketing, Inc.,* the court refused to withdraw an adversary proceeding "unless and until a jury trial is necessary." 2003 WL 68036, at *11. That court reached its conclusion after finding that (1) the proceeding was at the preliminary stage; (2) dispositive motions might resolve the matter; (3) there was potentially considerable discovery requiring court oversight; and (4) the bankruptcy judge would be presiding over numerous similar actions. *See In re Enron Power Marketing,* 2003 WL 68036, at *11; *see also In re Enron Corp.,* 295 B.R. at 28; *In re Remee Products Corp.,* No. 03 Civ. 2992, 2003 WL 21507620, at * 4 (S.D.N.Y. June 30, 2003) (declining to withdraw the reference because the Bankruptcy Court has "special expertise and experience" and "the consideration of the best use of judicial resources counsels strongly in favor" of denying the motion to withdraw the reference.)

■ Similarly, this adversary proceeding is in its preliminary stage and this matter may be resolved by dispositive motions. In fact, Pacific Pointe filed a motion to dismiss the amended complaint and Prudential is considering making a motion for summary judgment, *see Aff. of Doreen Klein, Esq.* ¶ 15. Furthermore, the Bankruptcy Court has been overseeing this case since July, 2000 and has presided over discovery in this and other similar adversary proceedings. As such, the Bankruptcy Court has a complete understanding of the factual background of the underlying bankruptcy *See In re Enron Corp.,* 295 B.R. 21, 28 (S.D.N.Y.2003) (denying a motion to withdraw the reference after applying the factors *In re Enron Power Marketing* factors). Moreover, Pacific Pointe failed to "demonstrate that withdrawal is in the interest of judicial economy and that it will be prejudiced by having the bankruptcy court oversee pretrial matters."

*See In re Enron Power Marketing,* 2003 WL 68036, at *7.

Accordingly, Pacific Pointe's motion to withdraw the reference to the Bankruptcy Court is **DENIED.**

**SO ORDERED.**